**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **KEVIN OLIVER and BOB GUTHRIE Individually and on Behalf of All Others Similarly Situated,** | § § § § § | **FLSA Collective Action Pursuant to 29 U.S.C. § 216(b)** |
| **Plaintiffs,** | § § | |
| **v.** | § § | **Civil Action No. 3:08-cv-828** |
| **AEGIS COMMUNICATIONS GROUP, INC.** | § § § | |
| **Defendant.** | § § | **Jury Demanded** |

---

**EXPEDITED MOTION FOR NOTICE TO POTENTIAL PLAINTIFFS
AND CONDITIONAL CERTIFICATION**

---

FILED BY:

**J. DEREK BRAZIEL**
Texas Bar No. 00793380
**MEREDITH MATHEWS**
Texas Bar No. 24055180
**LEE & BRAZIEL, L.L.P.**
1801 N. Lamar Street, Suite 325
Dallas, Texas  75202
(214) 749-1400 phone
(214) 749-1010 fax
www.overtimelayer.com


**DAVID P. RAY III**
State Bar No. 24027766
**JONATHAN F. WINOCOUR**
State Bar No. 24037730
**WINOCOUR | RAY**
9400 N. Central Expressway, Suite 1204
Dallas, Texas 75231
(214) 575-6060
(214) 575-6220 (FAX)

**MICHAEL C. DODGE**
State Bar No. 05937000
**DAVID W. DODGE**
Texas Bar No. 24002000
**DODGE & ASSOCIATES, P.C.**
Regency Plaza
3710 Rawlins Street, Ste. 1600
Dallas, Texas 75219
Phone: (214) 273-3280
Fax:    (214) 273-3281

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF CONFERENCE

Plaintiffs' counsel conferred with counsel for Defendant in an effort to resolve the issue presented in this Motion.  Defendant's counsel advised that Defendant is opposed to the relief sought in this motion.  Therefore this motion is presented to the Court for a determination.

  /s/ J. Derek Braziel                                    
J. Derek Braziel

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of August, 2008 a copy of the foregoing document was electronically filed.  Notice of this filing will be sent to counsel of record for all parties by operation of the Court's Electronic Filing System.

  /s/ J. Derek Braziel                                    
J. Derek Braziel

# TABLE OF CONTENTS

- Cover Page ..................................................................................................................... i

- Table of Contents ........................................................................................................... ii

- Table of Authorities ...................................................................................................... iii

- Motion for Notice to Potential Plaintiffs and Conditional Certification....................Page 1

- I.  Overview ............................................................................................................Page 1

- II.  Factual Background........................................................................................Page 3

  A.  Defendant's Telephone-Dedicated Associates/Agents are Similarly
      Situated With Respect to Job Duties and Pay Provisions .......................Page 3

  B.  A Group of Similarly Situated, Potential Plaintiffs Exists......................Page 6

  C.  Trainers and Supervisors Confirm Aegis' Policy of Requiring
      Uncompensated Work Activity.................................................................Page 7

- III.  Request for § 216(B) Notice to Potential Plaintiffs ............................................Page 8

  A.  Collective Actions are Favored Under the Law and the District Court is
      Authorized to Issue Notice to Potential Opt-In Plaintiffs .......................Page 8

  B.  The Two-Stage Certification Process ......................................................Page 9

  C.  Plaintiffs Are Entitled to Notice Based on a Minimal Showing That
      They Are Similarly Situated to Other Employees .................................Page 11

      1.  The Standard for Notice is a "Lenient One"...............................Page 11
      2.  Plaintiffs Need Only Make Substantial Allegations Supported
          by Sworn Statements at the Notice Stage ...................................Page 12
      3.  Plaintiffs are "Similarly Situated" to Defendant's Other
          Telephone-Dedicated Associates/Agents and the Court
          Should Issue Notice ..................................................................Page 13

- IV.  Relief Sought: Conditional Certification, Issuance of Notice to Potential Plaintiffs,
      and Disclosure of Names and Addresses .................................................................Page 16

- V.  Conclusion ......................................................................................................Page 17

- Appendix (separate volume)

# TABLE OF AUTHORITIES

## Cases

*Aguayo v. Oldenkamp Trucking*, 2005 WL 2436477 (E.D. Cal. Oct 3, 2005) ............................ 12

*Aguilar v. Complete Landsculptures, Inc.* 2004 WL 2293842 (N.D. Tex. October 7, 2004)..... 10, 11, 13, 17

*Alba v. Madden Bolt Corporation*, Civil Action No. H-02-1503 (S.D. Tex. June 5, 2002)........ 12

*Allen v. Marshall Field & Co.,* 93 F.R.D. 438 (N.D. Ill. 1982).................................................... 12

*Ballaris,* 2001 U.S. Dist. LEXIS 13354....................................................................................... 12

*Barnett v. Countrywide Credit Indus., Inc*., 2002 WL 1023161, (N.D. Tex. May 21, 2002).. 3, 10, 11, 13, 17

*Belcher v. Shoney's Inc.*, 927 F. Supp. 249 (M.D. Tenn. 1996) ................................................... 12

*Brooks v. Bellsouth Telecom.*, 164 F.R.D. 561 (N.D. Ala. 1995)................................................. 12

*Brown v. Money Tree Mortg. Inc.,* 222 F.R.D. 264 (D. Kan. 2004)............................................ 12

*Burch v. Qwest Comm. Int'l, Inc.*, 500 F. Supp. 2d 1181 (D. Minn. 2007) ................................ 15

*Camper v. Home Quality Mgmt, Inc.,* 200 F.R.D. 516 (D. Md. 2000) ......................................... 12

*Church v. Consolidated Freightways, Inc.,* 137 F.R.D. 294 (N.D. Cal. 1991)............................. 12

*Clarke v. Convergys Cust. Manag. Group.*, 370 F. Supp. 2d 601 (S.D. Tex. 2005) ................... 11

*Crain v. Helmerich and Payne Int'l Drilling Co.,* 1992 WL 91946 (E.D. La. Apr.16, 1992)...... 13

*De Asencio v. Tyson Foods, Inc.,* 130 F. Supp. 2d 660 (E.D. Pa. 2001) ..................................... 12

*Donohue v. Francis Services, Inc.*, 2004 WL 1161366 (E.D. La. 2004)...................................... 14

*Dybach v. State of Fla. Dept. of Corrections*; 942 F.2d 1562 (11th Cir. 1991) ............... 13, 14, 16

*Equal Employment Opportunity Comm'n v. Pan Am World Airways, Inc.,* 897 F.2d 1499 (9th Cir. 1990) ...................................................................................................................................... 9

*Ericson v. Texas Apartment Locators, Inc.,* No. 3:06-cv-01431 (N.D. Tex. April 10, 2007) ....... 1, 9, 10

*Garner v. G.D. Searle*, 802 F. Supp. 418 (M.D. Ala. 1991) ................................................... 12, 15

*Grayson v. K Mart Corp.*, 79 F.3d 1086 (11th Cir. 1996) ...................................................... 12, 14

*Hanks v. Big Lots,* Action No. 5:04-CV-238 (DF) (E.D. Tex. Aug. 5, 2005) ............................. 14

*Heagney v. European Am. Bank,* 122 F.R.D. 125 (E.D.N.Y.1988) ........................................... 14

*Hens v. ClientLogic Operating Corp.*, 2006 WL 2795620 (W.D.N.Y. Sept. 26, 2006) .............. 15

*Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165 (1989) ........................................... 8, 9, 11, 15

*LaChapelle v. Owens-Illinois, Inc.,* 513 F.2d 286 (5th Cir. 1975) ................................................ 9

*Lee v. ABC Carpet & Home*, 263 F.R.D. 193 (S.D.N.Y.  2006) ................................................... 15

*Loreas v. C&S Ranch*, Civil Action No. L-97-30 (S.D. Tex. May 16, 1997) ............................. 12

*Marchan v. Taqmex, Inc.*, Civil Action No. H-02-4167 (S.D. Tex. Dec. 17, 2002) ..................... 12

*Masson v. Ecolab, Inc.*, 2005 WL 2000133 (S.D.N.Y. 2005) ...................................................... 15

*Mooney v. Aramco Services Co.*, 54 F.3d 1207 (5th Cir. 1995) .......................................... 9, 10, 11

*Reab v. Electronic Arts, Inc.,* 214 F.R.D. 623 (D. Colo. 2002) ................................................ 9, 12

*Realite v. Ark Restaurants Corp.,* 7 F. Supp. 2d 303 (S.D.N.Y. 1998) ....................................... 13

*Ryan v. Staff Care*, 497 F. Supp. 2d 820 (N.D. Tex. 2007) ................................................... 10, 11

*Schwartz v. MCI Telecommunications Corp.*, Civil Action No. H-98-1574 (S.D. Tex. Feb. 18, 1999) .......................................................................................................................... 12

*Sherrill v. Sutherland Global Services, Inc.*, 487 F. Supp. 2d 344 (W.D.N.Y. 2007) ................. 15

*Shushan v. Univ. of Colorado*, 132 F.R.D. 263 (D. Colo. 1990) .................................................. 10

*Sperling v. Hoffmann-LaRoche Inc.,* 118 F.R.D. 392 (3d Cir. 1988) ......................... 11, 12, 14, 17

*Thiessen v. General Elec. Capital Corp.,* 267 F.3d 1095 (10th Cir. 2001) ............................... 9, 10

*Tucker v. Labor Leasing, Inc.,* 872 F. Supp. 941 (M.D. Fla.1994) ............................................. 13

*Villatoro v. Kim Son Restaurant, L.P.*, 286 F. Supp. 2d 807 (S.D. Tex. 2003) ........................... 10

*White v. MPW Industrial Services, Inc.*, 236 F.R.D. 363 (E.D. Tenn. 2006) ............................... 15

*Williams v. Sprint/United Mgmt Co.*, 222 F.R.D. 483 (D. Kan 2004)......................................... 12

*Zhao v. Benihana,* 2001 U.S. Dist. LEXIS 10678 (S.D.N.Y. 2001)........................................... 12

## Statutes

Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b)................................................ 1, 8, 9, 14

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KEVIN OLIVER and BOB GUTHRIE** | § | |
| **Individually and on Behalf of All Others** | § | |
| **Similarly Situated,** | § | **FLSA Collective Action Pursuant to** |
| | § | **29 U.S.C. § 216(b)** |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:08-cv-828** |
| | § | |
| **AEGIS COMMUNICATIONS GROUP,** | § | |
| **INC.** | § | |
| | § | **Jury Demanded** |
| **Defendant.** | § | |

## EXPEDITED MOTION FOR NOTICE TO POTENTIAL PLAINTIFFS AND FOR CONDITIONAL CERTIFICATION

Plaintiffs, individually and on behalf of other similarly-situated current and past employees of Aegis Communications Group, Inc. ("Defendant" or "Aegis") file this Motion for Notice to Potential Plaintiffs and Conditional Certification, and would show the Court as follows:

## I.
### OVERVIEW

This is **not** a motion for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure. Rather, this Motion is brought pursuant to the collective action provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Under this statute and the case law interpreting it (including an opinion from this Court),[1] individuals may bring "collective actions" on behalf of themselves and on behalf of those "similarly situated." However, in sharp contrast

---

[1] This Court is familiar with the notice process involved in FLSA collective actions. In *Ericson v. Texas Apartment Locators, Inc.*, the Court granted a motion for notice similar to the instant Motion and permitted notice to several different facilities. No. 3:06-cv-01431 (N.D. Tex. April 10, 2007). Exhibit DDD, App. pp. 000212-000218.

to Rule 23 class cases, collective actions under this statute are **opt-in** rather than opt-out.  The standards applicable to a request for notice to similarly situated individuals are "lenient" and Plaintiffs are only required to show that similarly situated individuals exist.  To date, 94 additional individuals have elected to opt in to this suit (originally brought by two individuals), but there are others who may not be aware of this suit or of their rights to proceed in this forum.  A Notice to Potential Plaintiffs will allow current and former Aegis employees to make an informed decision as to whether or not to participate in this case.  A proposed form of the Notice is contained in the Appendix of Exhibits as Exhibit BBB (see App., pp. 000206-000209).

Plaintiffs sued Aegis to recover unpaid overtime wages that were not paid in accordance with the FLSA.  Specifically, Aegis fails to pay Plaintiffs, and those similarly situated to them, for all work related activities, including pre-shift and post-shift activities, the company requires and permits its agents to perform.  Along with this Motion, Plaintiffs have submitted 53 declarations from current and former Aegis employees, supervisors, and trainers covering the practices and policies in six of the seven Aegis call centers.  (Exhibits A - AAA, App., pp. 0001-000205).  As the declarations demonstrate, Aegis fails to compensate its employees for required and permitted work activities performed before the beginning and after the end of their assigned shift times.  The declarants perform uniform uncompensated work activities, required by Aegis, without compensation.  These uncompensated activities are integral and indispensible to the principal activities the agents perform and include, but are not limited to, logging into the Aegis computers, initializing various customer databases or portals, initializing Aegis' alert system and reviewing those alerts.

Even though Aegis uniformly requires Plaintiffs to perform these uncompensated activities in its various call centers, Aegis does not pay for the actual time these duties are

performed.  Rather, Aegis pays its employees for phone log in time approximating employees assigned shift times.  This shift time fails to compensate Plaintiffs for their actual hours of work. A group of similarly situated employees exists at Aegis' facilities in Irving, Texas; Joplin, Missouri; Elkins, West Virginia; Fairmont, West Virginia; Sierra Vista, Arizona; Port St. Lucie, Florida; and New York, New York, in that Aegis' hourly employees perform similar job duties under the same pay provisions as the Plaintiffs.  Consequently, these individuals should be notified of this action and their right to participate if they so desire.

Although Plaintiffs believe they will be able to establish Defendant's failure to pay overtime at trial, the merits of the case are not at issue in this Motion.  As set forth herein, because Plaintiffs readily meet the lenient burden applicable at this stage, conditional certification and notice to the potential plaintiffs is appropriate. *See, e.g., Barnett v. Countrywide Credit Industries, Inc*., No. 3:01-CV-1182-M, 2002 WL 1023161 (N.D. Tex. May 21, 2002) (Lynn, J.) (certifying nationwide class of employees challenging their employer's decision to classify them as exempt under the FLSA).  Moreover, because the recovery for each potential plaintiff is eroding daily, the Court should authorize Notice as soon as possible.[2]

## II.
### FACTUAL BACKGROUND

**A.     Defendant's Telephone-Dedicated Associates/Agents are Similarly Situated With Respect to Job Duties and Pay Provisions.**

The declarations submitted in the Appendix demonstrate that a group of similarly situated current and former employees exist in that they share common job duties and pay provisions. (Exhibits A - AAA).  The declarations are from individuals who worked at six (6) of Aegis'

---

[2]     The FLSA statute of limitations runs from the date an individual opts into the case.  Consequently, for former employees who are no longer being subjected to the illegal practice, every day without notice is a day's pay they lose forever.  Consequently, Plaintiffs seek expedited review of this Motion.

seven (7) identified call centers.  They represent the sworn statements of agents, trainers and supervisors who worked for Aegis.  The declarations concern the work and pay practices in those call centers.  Plaintiffs and the Opt-in Plaintiffs (collectively "Plaintiffs") worked as hourly paid employees or supervisors in Aegis' Irving, Texas; Fairmont, West Virginia; Elkins, West Virginia; Joplin, Missouri; Port St. Lucie, Florida; and Sierra Vista, Arizona call centers.  Plaintiffs all performed substantially the same tasks under the same pay provisions.  (Exhibits A – WW, ¶ 2.).  Plaintiffs were all paid according to their recorded work time and not paid for the time they spent working before and after their recorded work time performing the same or similar duties.  (Exhibit A, ¶ 7; Exhibits B – UU, ¶ 9; Exhibits VV – WW, ¶ 8.).  Like other telephone-dedicated employees, Plaintiffs were assigned to work at least 40 hours per week, but were not paid for all of the work they actually performed, thus depriving them of overtime pay. (*Id.*).

The telephone-dedicated agents and associates working in the Aegis call center are required to respond to telephone inquiries from individuals who want to participate in, obtain information about, or get assistance with specific commercial business programs being offered by Aegis' clients.  (Exhibits A – WW, ¶ 3).  Aegis has a variety of clients for which it performs these call center services.  During their employment with Aegis, Plaintiffs were responsible for taking such inbound calls and assisting callers (*Id.*).  For example, Named Plaintiffs Oliver and Guthrie both assisted individuals in enrolling in Prescription Drug Plans for Humana, one of Aegis' clients.  (Exhibits A & B, ¶ 3).

Through working at Aegis, Plaintiffs became familiar with Aegis' policies and procedures concerning timekeeping that were in place during the time they worked there. (Exhibits A – WW, ¶ 4).  Aegis required that telephone-dedicated associates be logged into the

phone system and ready to take calls before the beginning of their assigned schedule times. (*Id.*). For example, if an agent was scheduled to work 8:00 a.m. to 5:00 p.m., he or she was required to be logged completely in and ready to take calls at 8:00 a.m. (*Id.*)

Before agents could log in for the day, they were responsible for performing a variety of pre-shift tasks. (Exhibits A – WW, ¶ 5). These tasks included but were not limited to: booting up the computer, logging onto the computer, initializing and accessing customer interfaces, and reviewing information or alerts. (*Id.*). The tasks were necessary for Plaintiffs and the other agents to perform their jobs. (Exhibit A, ¶ 5; Exhibits B – WW, ¶ 6). Plaintiffs and other agents were required to perform these work related activities before their assigned shift times. (*Id.*).

At the end of each assigned shift, agents would log out of the phones and then begin the process of logging out of the computers. (Exhibit A, ¶ 6; Exhibits B – UU, ¶ 7). In addition to performing uncompensated work by logging out of the computer, agents would perform other work for the company. (*Id.*). Some of the post-shift tasks they performed for Aegis included doing quality assurance reviews and discussing call-time performance measures. (*Id.*).

The time Plaintiffs spend performing these work related activities before and after their shifts regularly exceeded ten (10) minutes per day on average. (Exhibit A, ¶ 5; Exhibits B – UU, ¶ 9; Exhibits VV – WW, ¶ 8). The pre- and post shift work Plaintiffs performed was for the benefit of the company, not the individuals.

Aegis failed to pay Plaintiffs according to the time they actually started and finished performing work for the company. (Exhibit A, ¶ 7; Exhibits B – UU, ¶ 9; Exhibits VV – WW, ¶ 8 ). Defendant did not record and pay for pre-shift and post-shift work time, even though it was a regular, expected, and permitted part of the duties Aegis asked agents to perform. (*Id.*). Rather, Plaintiffs were paid according to clock-in and clock-out times that approximated their assigned

schedule times. (*Id.*).  Plaintiffs were regularly required to work more than 40 hours per week, but were not paid overtime for the time spent doing the pre- and post-shift work described above. (*Id.*).

Aegis was aware of these pre-shift activities because agents were instructed by supervisors, managers, and trainers to be at work well before the beginning of shift time, so they could perform these tasks prior to clocking in.  (Exhibit A, ¶ 8).   Defendant required Plaintiffs and other agents to be completely logged in and ready to go by the beginning of their shift times. (Exhibits A – WW, ¶ 4).  To ensure that agents were ready to take or make calls at the start of their scheduled phone time, supervisors instructed their employees to arrive at the calls center 10 – 15 minutes early.  (Exhibit A, ¶ 8).  This policy was a company requirement.  (Exhibits XX – YY, ¶ 6).

**B.     A Group of Similarly Situated, Potential Plaintiffs Exists.**

By and large, Plaintiffs attest they are aware of and observed the work habits of their co-workers.  (Exhibit A, ¶ 10; Exhibits B – UU; ¶ 12; Exhibits WW – VV, ¶ 11).  These individuals were required to perform the same kinds of company required, pre- and post shift activities as Plaintiffs.   They were required to perform, like Plaintiffs, without pay.   Like other Plaintiffs these individuals: (1) were telephone-dedicated associates/agents (2) were required to be at their desk at least 10 minutes before the beginning of their shift (3) performed the same types of company required pre-shift activities, including logging into various computer programs (4) worked over 40 hours per week and (5) were paid according to log in/out times approximating their shifts as opposed to the actual hours worked.  (*Id.*).  Plaintiffs have identified many of these individuals by name.  (Exhibit A, ¶ 10; Exhibits B – NN, ¶ 12; Exhibits WW – VV, ¶ 11).

Plaintiffs are also aware of other employees at Aegis various call centers who would join this case if they were aware of it.  (Exhibit A, ¶ 12; Exhibits B – UU, ¶ 13).  Many have identified by name, individuals who have expressed an interest in participating in this case. (Exhibit A, ¶ 12; Exhibits B - NN, ¶ 13; Exhibits VV – WW, ¶ 12).

**C.     Trainers and Supervisors Confirm Aegis' Policy of Requiring Uncompensated Work Activity.**

Aegis' policy was and is to require agents to arrive before their assigned shifts in order to prepare for the day (Exhibits XX- YY, ¶ 6; Exhibit ZZ, ¶ 9; Exhibit AAA, ¶ 6).  Named Plaintiff Kevin Oliver was employed as a trainer for a portion of the time he worked for Aegis.  (Exhibit A, ¶ 2).  As a trainer, he was responsible for teaching newly hired associates/agents Aegis' policies and procedures.  (Exhibit A, ¶ 8).  Specifically, Oliver was instructed by those who trained him to be a trainer to tell newly hired agents to arrive at the call center 10 – 15 minutes before the assigned shift to perform pre- and post shift activities described herein.  (*Id.*).  Oliver instructed the new hires as he was taught to do.  (*Id.*).

In addition to the voluminous declarations from agents and a trainer, Plaintiffs have submitted declarations from three supervisors confirming the factors supporting Notice. Supervisors have noted that agents were required to arrive at the call center before their shifts. (Exhibits XX & YY, ¶ 5 & ZZ ¶ 9; Exhibit AAA, ¶ 5).  Israel Alvarez, a supervisor from the Irving, Texas call center who also worked in the Sierra Vista, Arizona call center, testified that the policies and procedures regarding pre- and post shift activity were the same in both call centers.  (Exhibit YY, ¶ 2).  Dan Purcell and Marc Boco, supervisors from the Port St. Lucie, Florida call center note that agents were required to perform uncompensated pre- and post-shift tasks there as well.  (Exhibit XX, ¶ 5, Exhibit ZZ, ¶ 9).  Joy Tucker, a supervisor from the Joplin,

Missouri call center confirms that the policy in Joplin was also to require agents to perform off the clock work. (Exhibit AAA, ¶ 5). Alvarez, Purcell, Boco and Tucker all articulate that the policy at Aegis was to require work outside of agents' recorded and paid time in order to meet the requirements of the position. (Exhibits XX & YY, ¶ 6; Exhibit ZZ, ¶ 9; Exhibit AAA, ¶ 6).

### III.
### REQUEST FOR § 216(B) NOTICE TO POTENTIAL PLAINTIFFS

The purpose of this Motion is to seek Court-supervised notice to current and former telephone-dedicated associates/agents who worked for Defendant between May 15, 2005, and present. ("Potential Plaintiffs"). As shown below, the Named Plaintiffs have met the lenient standards for notice to be issued to Potential Plaintiffs.

**A.     Collective Actions are Favored Under the Law and the District Court is Authorized to Issue Notice to the Potential Opt-in Plaintiffs.**

An employee alleging violations of the FLSA may bring an action on behalf of all "other similarly situated employees." 29 U.S.C. § 216(b). Thus, "Congress has stated its policy that [FLSA] plaintiffs should have the opportunity to proceed collectively." *Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989). Such collective actions are favored under the law because they benefit the judicial system by enabling the "efficient resolution in one proceeding of common issues of law and fact," and provide plaintiffs with the opportunity to "lower individual costs to vindicate rights by the pooling of resources." Hoffmann-La Roche, 493 U.S. at 170.

Unlike a Rule 23 class action, plaintiffs in an action under the FLSA must affirmatively opt in to be covered by the suit. 29 U.S.C. § 216(b); *Thiessen v. General Elec. Capital Corp.,* 267 F.3d 1095, 1102 (10th Cir. 2001). If an individual employee does not opt in by filing a written consent, he or she will not be bound by the outcome, whether or not it is favorable, and

may bring a subsequent private action. *Equal Employment Opportunity Comm'n v. Pan Am World Airways, Inc,* 897 F.2d 1499, 1508 n.11 (9th Cir. 1990).

Because the substantial benefits of FLSA collective actions "depend on employees receiving accurate and timely notice concerning the pendency of the collective action," the FLSA grants the Court authority to manage the process of joining such employees in the action, including the power to authorize notice and monitor preparation and distribution of the notice *Hoffmann-La Roche*, 493 U.S. at 169-73 ("The broad remedial goal of the statute should be enforced to the full extent of its terms.").  "Court authorization of notice serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff date to expedite disposition of the action." *Id.* at 172; *Reab v. Electronic Arts, Inc.,* 214 F.R.D. 623, 628 (D. Colo. 2002) (conditional certification for notice purposes was appropriate where plaintiffs had made "substantial allegations" and conditional certification would allow "significant economies" to be achieved).  As this Court is aware from *Texas Apartment Locators*, (Exhibit DDD, App. pp. 000212-000218), the Court is empowered and encouraged to issue notice to Potential Plaintiffs and should do so in this case.

## B.    The Two-Stage Certification Process

District Courts considering requests to issue notice to potential plaintiffs use a two-stage approach to the certification issue.[3]  Other courts in the Northern District of Texas (and the

---

[3]    The Fifth Circuit ruled long ago that Rule 23 cases and Section 216(b) actions are "mutually exclusive and irreconcilable." *LaChapelle v. Owens-Illinois, Inc.,* 513 F.2d 286, 289 (5th Cir. 1975).  Eleven years ago, the Fifth Circuit mentioned the existence (at that time) of two different approaches used by other courts to the certification issue – the two stage approach and the Rule 23 approach.  *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995).  In the intervening time, the Rule 23 approach mentioned by the *Mooney* court and used by one Colorado district court in *Shushan v. Univ. of Colorado*, 132 F.R.D. 263, 265 (D. Colo. 1990) has been disavowed and abandoned by the Tenth Circuit Court of Appeals and is not the proper certification methodology to use in FLSA collective actions.  *Thiessen v. General Elec. Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001).  Judge Barbara Lynn of the Northern District of Texas recently, and correctly, noted the two-stage approach is "the prevailing test among the federal courts . . . ."  *Barnett v. Countrywide Credit Indus., Inc*., 2002 WL 1023161, at *1 (N.D. Tex. May 21, 2002).

**Motion for Notice – Page 9**

Southern District of Texas as well) use the two-stage approach.  *See Ericson v. Texas Apartment Locators, Inc.,* No. 3:06-cv-01431 (N.D. Tex. Apr. 10, 2007) (Kinkeade, J.) (attached as Exhibit DDD, App. pp. 000212-000218);  *Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820 (N.D. Tex. 2007) (Fish, J.); *Aguilar v. Complete Landsculptures, Inc.,*  No. 3:04-CV-0776-D. 2004 WL 2293842, at *1 (N.D. Tex. Oct. 7, 2004) (Fitzwater, J.); *Villatoro v. Kim Son Restaurant, L.P.*, 286 F. Supp. 2d 807 (S.D. Tex. 2003); *Barnett v. Countrywide Credit Indus., Inc*., 2002 WL 1023161, at *1 (N.D. Tex. May 21, 2002).   In *Barnett,* Judge Barbara Lynn permitted court-approved, companywide notice to a group of over 5000 Loan Officers of Countrywide Home Loans, Inc. and succinctly stated the two stage process as follows:

> First, the Court must make an initial inquiry into whether the Plaintiff has provided sufficient evidence that similarly situated potential Plaintiffs exist. At this stage, the Court uses a lenient standard to determine whether similarly situated persons exist, and if the Court determines that certification is appropriate, then it usually "conditionally certifies" the class. Second, the Court reexamines the class after notice, time for opting-in, and discovery has taken place. If the Court finds that the class is no longer made up of similarly situated persons, then it may decertify the class. This inquiry is usually conducted upon a motion filed by the Defendant.

*Barnett,* 2002 WL 1023161 at * 1 (citations omitted).  Judge Lynn further noted the two-stage approach is "the prevailing test among the federal courts . . . ."  *Id.*

Under the two-stage approach, once the court makes the preliminary determination that the potential plaintiffs are similarly situated, the case proceeds as a collective action throughout discovery.  *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995).  Discovery is relevant thereafter both as to the merits of the case and for the second step in the collective action procedure where the court evaluates conflicting evidence developed in discovery to test the validity of the preliminary decision made at the notice stage.  *Id.*  Allowing early notice and full participation by the opt ins, "assures that the full 'similarly situated' decision is informed,

efficiently reached, and conclusive." *Sperling v. Hoffmann-LaRoche Inc.*, 118 F.R.D. 392, 406 (D. N.J.), *aff'd*, 862 F.2d 439 (3d Cir. 1988), *aff'd*, 493 U.S. 165 (1989).  Once the notice and opt in period is complete, the Court will have the benefit of knowing the actual makeup of the collective action.  *Clarke v. Convergys Cust. Manag. Group.*, 370 F. Supp. 2d 601, 605 (S.D. Tex. 2005) (notice informs the original parties and the court of the number and identity of persons desiring to participate in the suit).  Thus, early notice will help the court to manage the case because it can "ascertain the contours of the action at the outset."  *Hoffman-La Roche*, 493 U.S. at 172-73.

## C.    **Plaintiffs Are Entitled To Notice Based On a Minimal Showing That They Are Similarly Situated To Other Employees**.

### 1.    **The Standard for Notice is a "Lenient" One.**

Because the first step takes place prior to the completion of discovery, the standard for notice "is a lenient one."  *Mooney,* 54 F.3d at 1214.  Courts in this District have routinely recognized and applied this lenient standard in certifying collective actions and issuing notice to potential plaintiffs in cases handled by Plaintiffs' counsel.  *See Ryan*, 497 F. Supp. 2d 820; *Aguilar,*. 2004 WL 2293842, at *1; *Barnett*, 2002 WL 1023161, at *2.  To impose a strict standard of proof at the notice stage would unnecessarily hinder the development of collective actions and would undermine the "broad remedial goals" of the FLSA.  *Garner v. G.D. Searle*, 802 F. Supp. 418, 422 (M.D. Ala. 1991);  *Sperling,* 118 F.R.D. at 407 ("[N]otice to absent class members need not await a conclusive finding of 'similar situations.'").  Only at the **second stage**, at the close of discovery, does the Court make a "factual determination" as to whether the class members are similarly situated.  *Mooney*, 54 F.3d at 1214.  The lenient standard applicable at the first stage "typically results in 'conditional certification' of a representative class," to who notice is sent and who receive an opportunity to "opt in." *Id.*

2.    **Plaintiffs Need Only Make Substantial Allegations Supported by Sworn Statements at the Notice Stage.**

At the first stage of the two-stage certification approach, courts determine whether named plaintiffs and potential opt-ins are "similarly situated" based upon the allegations in a complaint supported by sworn statements.[4]  *Mooney*, 54 F.3d at 1213-14; *see also, Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996), *cert. denied*, 117 S. Ct. 435 (1996); *Brooks v. Bellsouth Telecom.*, 164 F.R.D. 561, 568 (N.D. Ala. 1995); *Sperling*, 118 F.R.D. at 406-07.  The record need only be "sufficiently developed . . . to allow court-facilitated notice" based upon "substantial allegations" *Garner*, 802 F. Supp. at 422; *Sperling*, 118 F.R.D. at 407*; see also Church v. Consolidated Freightways, Inc.,* 137 F.R.D. 294 (N.D. Cal. 1991), or "some factual support." *Belcher v. Shoney's Inc.*, 927 F. Supp. 249, 251 (M.D. Tenn. 1996).

In the present case, Plaintiffs' Complaint alleges Defendant required Plaintiffs to perform work related pre-shift and post-shift activities and failed to pay them overtime at time-and-one-half of their regular rates of pay for those activities.  (Complaint, ¶¶ 13 – 20).  The Complaint also alleges that other telephone-dedicated associates/agents were similarly required to perform such activities and deprived of overtime compensation.  (Complaint, ¶¶ 21 – 25).  The allegations in the Complaint have been substantiated by the sworn declarations (pursuant to 28

---

[4]        *See, e.g., Brown v. Money Tree Mortg. Inc.,* 222 F.R.D. 264, 680 (D. Kan. 2004) (two affidavits); *Williams v. Sprint/United Mgmt Co.*, 222 F.R.D. 483, 487 (D. Kan. 2004) (allegations in complaint were "more  than sufficient to support provisional certification"); *Reab,* 214 F.R.D. at 628 (allegations in complaint); *Allen v. Marshall Field & Co.,* 93 F.R.D. 438, 442-45 (N.D. Ill. 1982) (allegations in complaint sufficient); *Ballaris,* 2001 U.S. Dist. LEXIS 13354 at *3-*5 (two affidavits); *De Asencio v. Tyson Foods, Inc.,* 130 F. Supp. 2d 660, 663 (E.D. Pa. 2001) (four affidavits); *Camper v. Home Quality Mgmt, Inc.,* 200 F.R.D. 516, 519-21 (D. Md. 2000) (sworn testimony from two deponents and two declarations); *Zhao v. Benihana,* 2001 U.S. Dist. LEXIS 10678 at *12-*13 (S.D. N.Y. 2001) (one affidavit based on plaintiff's "best knowledge"); *Aguayo v. Oldenkamp Trucking*, No. F 04-6279 ASI LJO, 2005 WL 2436477 (E.D. Cal. Oct 3, 2005) (allegations in complaint and declaration of the plaintiff demonstrate plaintiff and other class members are similarly situated); *Alba v. Madden Bolt Corporation*, No. H-02-1503 (S.D. Tex. June 5, 2002)(J. Hoyt) (one affidavit sufficient);  *Loreas v. C&S Ranch*, No. L-97-30 (S.D. Tex. May 16, 1997)(J. Kazen) (one affidavit sufficient); *Marchan v. Taqmex, Inc.*, No. H-02-4167 (S.D. Tex. Dec. 17, 2002)(J. Hughes) (one affidavit sufficient); *Schwartz v. MCI Telecom. Corp.*, No. H-98-1574 (S.D. Tex. Feb. 18, 1999)(J. Werlein) (one affidavit sufficient).

U.S.C. § 1746) of the 53 agents, supervisors, and trainers who testify that they performed - or supervised and trained those with - the same job duties and worked under the same pay provisions as one another and as other agents who have not yet been notified about the case. Plaintiffs have submitted more evidence in support of this Motion than required in many of the other cited cases in this brief; Plaintiffs have made the "modest factual showing" necessary for the Court to issue notice. *Realite v. Ark Restaurants Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998).

**3.    Plaintiffs are "Similarly Situated" to Defendant's Other Telephone-Dedicated Associates/Agents and the Court Should Issue Notice.**

Plaintiffs are similarly situated to other employees in that they performed similar, if not the same work, under the same conditions, and under the same pay provisions. "To establish that employees are similarly situated, a plaintiff must show that they are similarly situated with respect to their job requirements and with regard to their pay provisions. The positions need not be identical, but similar." *Barnett,* 2002 WL 1023161, at *1 (internal quotation marks and brackets omitted) (quoting *Tucker v. Labor Leasing, Inc.,* 872 F. Supp. 941, 947 (M.D. Fla.1994)); *see also, Dybach v. State of Fla. Dept. of Corrections.* 942 F.2d 1562, 1567-68 (11th Cir. 1991). "[A]n FLSA class determination is appropriate when there is 'a demonstrated similarity among the individual situations ... some factual nexus which binds the named plaintiffs and the potential class members together as victims of a particular alleged [policy or practice].'" *Aguilar,* 2004 WL 2293842 at *2 (citing *Crain v. Helmerich and Payne Int'l Drilling Co.,* No. 92-0043, 1992 WL 91946, at *2 (E.D. La. Apr. 16, 1992) (quoting *Heagney v. European Am. Bank,* 122 F.R.D. 125 (E.D.N.Y. 1988))).  In this case, Plaintiffs were deprived of overtime compensation because Aegis required, suffered, and permitted pre- and post-shift work but did not track and pay for the actual hours worked.  Rather these individuals were only paid for the

time they were allowed to report on their log-in/out system which occurred after they began work or before they finished for the day

The "similarly situated" requirement of § 216(b) is more elastic and less stringent than the requirements found in Rule 20 (joinder), Rule 42 (severance), or in Rule 23 (class actions). *Grayson*, 79 F.3d at 1096. While evidence of a single decision, policy or plan will meet the similarly situated standard, *Sperling,* 118 F.R.D. at 407, a unified policy, plan, or scheme is not required to satisfy the more liberal "similarly situated" requirement of the FLSA. *Grayson,* 79 F.3d at 1096. Accordingly, "[a] court may deny a plaintiff's right to proceed collectively only if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice." *Donohue v. Francis Services, Inc.*, No. 04-170, 2004 WL 1161366 (E.D. La. May 24, 2004) (citations omitted). In addition to these factors, other courts making the notice inquiry have sought to determine if there are other individuals who desire to opt in and who are similarly situated to those bringing the suit. *Dybach*, 942 F.2d at 1567-68. Thus, if other parties join the suit by filing their consents, this is evidence of a desire on the part of others to join the suit that should be considered by the Court.

Further, where plaintiffs "adequately allege" that the improper practices and "policies are company-wide, . . . notice may be sent company-wide." *White v. MPW Industrial Services, Inc*., 236 F.R.D. 363, 375 (E.D. Tenn. 2006) (rejecting defendant's argument that "notice should be sent only to present and former employees at MPW's branch locations in Chattanooga, Tennessee and Decatur, Alabama, because Plaintiffs' proof relates only to those particular branches."); *see also, Masson v. Ecolab, Inc.,* No. 04 Civ. 4488 (MBM), 2005 WL 2000133 (S.D.N.Y. Aug. 17, 2005) (granting companywide notice to preventive maintenance and repair

services workers); *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 197-98 (S.D.N.Y. 2006) (granting company-wide notice to "all carpet installation mechanics").

More specifically, in the call center context, courts have certified companywide collective actions involving call centers on the basis of far less evidence than presented here. *See e.g. Burch v. Qwest Comm. Int'l, Inc.*, 500 F. Supp. 2d 1181 (D. Minn. 2007) (conditionally certifying a companywide collective action of call center agents based on 19 declarations from a potential class of 8,000 covering 13 states); *Sherrill v. Sutherland Global Services, Inc.*, 487 F. Supp. 2d 344 (W.D.N.Y. 2007) (conditionally certifying a companywide collective action covering three states on the basis of 8 declarations); *Hens v. ClientLogic Operating Corp.*, No. 05-CV-381S, 2006 WL 2795620 (W.D.N.Y. Sept. 26, 2006) (court granted companywide conditional certification to a potential class of more than 7,000 individuals in 17 call centers based on 48 declarations).

Plaintiffs in the present matter have met the lenient standard of showing that notice to Potential Plaintiffs is appropriate. The evidence detailed in the Factual Background section of this Motion (and not repeated here at length) makes clear that the Plaintiffs and the Potential Plaintiffs are victims of the same scheme to deprive them of overtime compensation. (Factual Background, Sections A & B, *supra*). As telephone-dedicated associates/agents, the Plaintiffs and Potential Plaintiffs provided various services over the telephone on behalf of Aegis' customers. (*Id.*). They were all paid on an hourly basis. (*Id.*). They were all paid according time system that did not record their actual hours of work. (*Id.*). They all worked in excess of 40 hours per week (*Id.*). All telephone-dedicated associates/agents were required to perform various pre- and post-shift activities for which they were not compensated. (*Id.*). The evidence shows that Plaintiffs and Potential Plaintiffs performed the same work under the same conditions

and worked in excess of 40 hours per week without overtime pay.  (*Id.*)  Consequently, the Court should permit Plaintiffs to send a court-supervised notice to Potential Plaintiffs because they are similarly situated.

One of the factors some courts consider in the notice determination is whether or not there are similarly situated individuals who desire to opt in and who should be given notice of their right to do so.  *See Dybach*, 942 F.2d at 1567-68.  The fact that 94 additional individuals have elected to join the case (in addition to the two Named Plaintiffs) without a notice evidences this fact.  (*Id.*).  Plaintiffs also identify, <u>by name</u>, other individuals who worked under the same conditions and pay provisions, who worked more than 40 hours without overtime pay, and who Plaintiffs believe would join this action if they were made aware of it through Court-supervised notice.  (See Ex. A – NN). Because Plaintiffs have demonstrated there are other telephone-dedicated associates/agents who desire to opt into this case and have identified still others who have not yet had the opportunity to do so, Plaintiffs have met their burden to justify Court-supervised Notice to the Potential Plaintiffs.

## IV.
### RELIEF SOUGHT:  CONDITIONAL CERTIFICATION, ISSUANCE OF NOTICE TO POTENTIAL PLAINTIFFS, AND DISCLOSURE OF NAMES AND ADDRESSES.

To facilitate the Notice process and preserve the rights of those who have not yet opted in, Plaintiffs seek Court-supervised notice and conditional certification of the following group of individuals:

> All current and former, full-time, telephone-dedicated associates/agents who made calls to and/or received calls from customers and potential customers of Aegis' clients and who worked in Aegis' call centers/offices in Irving, Texas; Elkins and Fairmont, West Virginia; Joplin, Missouri; Sierra Vista, Arizona; Port St. Lucie, Florida; and/or New York, New York between May 15, 2005 and the present.

**Motion for Notice – Page 16**

Plaintiffs ask the Court to approve the proposed Notice included in the Appendix. (Exhibit BBB, App., pp. 000206-000209). This Notice is based on Notices approved and issued in this District in *Aguilar* and *Barnett*, though it has been modified for this particular case. Plaintiffs have also submitted a proposed Consent Form to be submitted to the Court for those wishing to join this action. (Exhibit CCC, App., pp. 000210-000211). Plaintiffs seek a ninety (90) day opt-in period measured from the date notice is mailed.

Additionally, Plaintiffs seek an Order from this Court requiring Defendant to disclose the names, last known addresses and last four digits of the individual's social security number of the telephone-dedicated associates/agents.[5] Plaintiffs request this information be provided within 11 days from the entry of the Court's Order and in usable electronic form to reduce any delays in sending out the Notices. Plaintiffs further seek the specific relief identified in the Proposed Order submitted with this Motion.

## V.
### CONCLUSION

Plaintiffs have presented detailed allegations and even more detailed sworn statements concerning their work with Defendant. Plaintiffs have identified an improper scheme that fails to pay overtime compensation to telephone-dedicated associates/agents. Because Plaintiffs have met their burden to show that similarly situated individuals exist who have not been notified about the present suit, the Court should enforce the collective action provisions of the FLSA. The Court should grant Plaintiffs' Motion and enter an Order with the terms set forth in Plaintiffs' proposed Order.

---

[5] The partial SSN data is necessary to run a skip trace on individuals with bad addresses to ensure notice is received.