IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN OLIVER and BOB GUTHRIE, Individually and on Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiffs, | § § | Civil Action No. 3:08-CV-828-K |
| v. | § § | |
| AEGIS COMMUNICATIONS GROUP, INC., | § § § § | |
| Defendant. | § | |

## ORDER

Before the Court is Plaintiffs' Expedited Motion for Notice to Potential Plaintiffs and Conditional Certification (Doc. No. 19). The Court, having considered the Motion, Defendant's Response, and Plaintiffs' Reply, hereby **GRANTS** the motion. The Court conditionally certifies this matter as a collective action, subject to the provisions of this order.

### I.  Factual and Procedural Background

Plaintiffs Kevin Oliver and Bob Guthrie worked as hourly-paid telephone agents in 2005 and 2006 at an Irving, Texas, call center operated by Defendant Aegis Communications Group, Inc. ("Aegis"), which handles customer telephone calls among various services it provides to corporate clients. Plaintiffs handled incoming calls regarding prescription drug plans for one of Aegis's clients.

Plaintiffs allege they were not paid for the time spent working before and after their recorded work time despite performing related duties. They allege that Aegis required them to perform a variety of tasks before their official work day began at 8 a.m. each day, but did not receive credit or compensation for their work before the assigned shift times. At the end of the workday, Plaintiffs allege, they were similarly required to perform other work beyond their assigned hours, but again received no pay for the additional work. The total time worked "off the clock" amounted to more than ten minutes a day, Plaintiffs claim. Plaintiffs state that they should have received time-and-a-half pay for all work exceeding forty hours per week under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206(a) & 207(a).

Plaintiffs here move for notice and conditional certification pursuant to the collective action provisions of the FLSA. 29 U.S.C. § 216(b). They allege that similarly situated employees were subject to the same unpaid overtime requirements at Aegis locations in Irving, Texas, Joplin, Missouri, Elkins and Fairmont, West Virginia, Sierra Vista, Arizona, Port St. Lucie, Florida, and New York City. Plaintiffs' motion for conditional certification is supported by ninety-four consents and fifty-three declarations by purported Aegis employees who experienced similar overtime work requirements.

Defendant Aegis denies Plaintiffs' allegations and opposes conditional certification. Aegis states that its policy is to pay for all overtime worked and offers employees opportunities to submit requests to adjust their recorded time. Aegis asserts

that the employees have individualized claims and alleged injuries that require fact-specific, case-by-case analysis and thus are not suitable for conditional certification.

## II.     Standards for FLSA Class Certification

The FLSA permits employees to initiate suit on behalf of themselves and other similarly-situated employees. 29 U.S.C. § 216(b). Section 216(b) differs from many class action procedures in that potential class members must "opt in" to the class action to be bound by the result of the litigation, rather than following the more common "opt out" mechanism, wherein all potential class members are bound by the court's judgment unless they opt out of the class. *H&R Block, Ltd. v. Housden,* 186 F.R.D. 399 (E.D. Tex. 1999).

Plaintiffs urge the court to apply the test for conditional class certification found in *Lusardi v. Xerox Corp.,* 118 F.R.D. 351 (D.N.J. 1987), to support a finding that the instant group of Plaintiffs should be certified as a class. *See also Ericson v. Texas Apartment Locators, Inc.*, No. 3:06-CV-1431 (N.D. Tex. April 10, 2007) (Kinkeade, J.) (applying the *Lusardi* test for conditional certification in FLSA collective action). Under the *Lusardi* approach, a two-part test for class certification is used. *Mooney v. Aramco Services Co.,* 54 F.3d 1207, 1213-14 (5th Cir. 1995). At the first stage, referred to as the "notice" stage, the court examines whether the plaintiffs are similarly situated to one another. *Id.* This review is usually based upon the pleadings and any affidavits that have been submitted. *Id.* The court then makes a decision whether notice of the action should be given to

potential class members. *Id.* at 1214. Because the court's analysis is based upon minimal evidence, the standard applied is fairly lenient, and the certification of the class is termed "conditional." *Id.* The *Mooney* court noted that at the notice stage, it appears that nothing more than "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan. . . ." *Id.* at 1214 n.8. If the class is conditionally certified, potential class members are notified and given the opportunity to "opt in" to the action. *Id.* at 1214. The case then proceeds through discovery as a class action. *Id.*

The second step of the *Lusardi* test typically involves a motion for decertification brought by the Defendant. *Id.* This motion is filed when discovery is largely complete and the court has much more information on which to base its factual determination of whether the class members are similarly situated. *Id.* If the court then determines that the class members are not similarly situated, the class is decertified and the class representatives then proceed to trial on their individual claims. *Id.*

The other approach to class certification is found in a line of cases typified by *Shushan v. University of Colorado,* 132 F.R.D. 263 (D. Colo. 1990). In *Shushan,* the court determined that in enacting 29 U.S.C. § 216(b), Congress did not intend to create a separate class action mechanism for FLSA and age discrimination ("ADEA") cases. *Mooney,* 54 F.3d at 1214. Instead, the court found that the FLSA's "similarly situated" inquiry involved the same factors as a typical Fed. R. Civ. P. 23 class action inquiry –

numerosity, commonality, typicality and adequacy of representation. *Id.* Under this framework, the only difference between an ADEA (or FLSA) class action and a Rule 23 class action would be the requirement that class members "opt in" to be bound by the results of the litigation, rather than being bound by the results unless they "opt out" under Rule 23. *Id.* Unlike Plaintiffs, Defendants contend that the *Shushan* analysis should be applied here, or in the alternative, that Plaintiffs have not met the burden of proof required under *Lusardi*.

In *Mooney,* the Fifth Circuit took no position as to whether a court presented with a motion to certify an FLSA class should utilize the *Lusardi* test or the *Shushan* test. 54 F.3d at 1216; *H&R Block,* 186 F.R.D. at 400. Although the court is not bound to apply one particular test over the other, it notes that in the Northern District of Texas, the *Lusardi* two-part test is more commonly utilized. *See, e.g., Harris v. Fee Transportation Svcs., Inc.,* 2006 WL 1994586, *2 (N.D. Tex. 2006); *Aguilar v. Complete Landsculpture, Inc.,* 2004 WL 2293842, *1 (N.D. Tex. 2004); *Barnett v. Countrywide Credit Industries, Inc.,* 2002 WL 1023161, *1-2 (N.D. Tex. 2002); *Hall v. Burk,* 2002 WL 413901, *3 (N.D. Tex. 2002). Other courts have also stated that *Lusardi* provides the prevailing approach. *See, e.g., Reyes v. Texas EZPawn, L.P.,* 459 F. Supp. 546, 551 (S.D. Tex. 2006); *Allen v. McWane, Inc.,* 2006 WL 3246531, *1 (E.D. Tex. 2006); *Basco v. Wal-Mart Stores, Inc.,* 2004 WL 1497709, *4 (E.D. La. 2004); *Mielke v. Laidlaw Transit, Inc.,* 313 F. Supp. 2d 759, 762 (N.D. Ill. 2004). Accordingly, the court opts to apply the *Lusardi* test here.

### III. Plaintiffs' Motion for Conditional Class Certification and Judicial Notice

At the notice stage of the *Lusardi* test, Plaintiffs bear the burden of establishing preliminary facts showing that a similarly-situated group of potential plaintiffs exist. *Hall,* 2002 WL 413901 at *2; *Allen,* 2006 WL 3246531 at *2; *D'Anna v. M/A-Com., Inc.,* 903 F. Supp. 889, 893-94 (D. Md. 1995). The Plaintiffs must present competent evidence supporting this preliminary factual showing, so as to avoid stirring up unwarranted litigation. *Allen,* 2006 WL 3246531 at *2, *citing D'Anna,* 903 F. Supp. at 894. Because only minimal evidence is required, however, the court makes its determination using a fairly lenient standard and usually grants conditional certification. *Mooney,* 54 F.3d at 1213-14; *Allen,* 2006 WL 3246531 at *2; *Hall,* 2002 WL 413901 at *2.

In determining whether conditional certification is appropriate, a court should satisfy itself that there are other employees of the defendant who are "similarly situated" with respect to their job requirements and pay provisions. *Allen,* 2006 WL 3246531 at *2, *citing Dyback v. State of Fla. Dept. of Corrections,* 942 F.2d 1562, 1567-68 (11th Cir. 1991). A court should also consider whether potential plaintiffs were identified, whether affidavits of potential plaintiffs were submitted, and whether evidence of a widespread plan was submitted. *H&R Block,* 186 F.R.D. at 400. Notice is appropriate when a court concludes that there is a factual nexus that binds the named plaintiffs and potential class members as victims of a particular alleged policy or practice. *Villatoro v. Kim Son*

*Restaurant, L.P.,* 286 F. Supp.2d 807, 810 (S.D. Tex. 2003); *Allen,* 2006 WL 3246531 at *2. A court may only foreclose the plaintiffs' right to proceed collectively if the action relates to circumstances personal to the plaintiff rather than any generally applicable policy or practice. *Allen,* 2006 WL 3246531 at *2, *citing Burt v. Manville,* 116 F.R.D. 276, 277 (D. Colo. 1987).

Here, the Court finds that Plaintiffs have met their minimal burden of proof, and that conditional certification of the Plaintiff class is warranted. The named Plaintiffs have submitted declarations showing that their job responsibilities and pay provisions were similar. Further, numerous declarations of potential plaintiffs who wish to join the suit also were filed, and those declarations describe substantially the same job tasks and alleged injuries as those of the current Plaintiffs. And these declarations state that the same policies were in place in at least four Aegis call centers. Thus, the Court may draw an inference at this stage of the case that telephone call agents who performed job duties similar to those of the Plaintiffs were located in the other Aegis offices. Additionally, all of the Plaintiffs and potential plaintiffs allege that they were not paid for overtime worked beyond their recorded work time.

At the notice stage, this suffices as a minimal showing that each potential class member was subject to the same alleged policy or plan. Due to this minimal, yet sufficient, evidence that Plaintiffs are similarly situated, the Court finds that they have

carried their burden of establishing that conditional certification is appropriate under the lenient standard set forth in *Lusardi*.

### IV.  Conclusion

For the foregoing reasons, Plaintiffs' Motion for Notice to Potential Plaintiffs and Conditional Certification is **GRANTED**.  The court approves Plaintiffs' proposed form of notice as attached to their Appendix in Support of Motion for Notice to Potential Plaintiffs and Conditional Certification (Doc. No. 20) at Exhibit BBB and hereby **ORDERS** as follows:

Defendant is ordered to produce the names, last known addresses and last four digits of the individual's social security number of the current and former hourly-paid, telephone-dedicated associates/agents who worked at Aegis' call centers in Irving, Texas; Joplin, Missouri; Fairmont, West Virginia; Elkins, West Virginia; Port St. Lucie, Florida; Sierra Vista, Nevada; and New York, New York at any point in time from May 15, 2005 to the date of this Order ("Employee Information").  Defendant shall provide the Employee Information in an electronic form that can be used by Plaintiffs in mailing out the Court-approved Notice.  This information must be produced to Plaintiffs within fourteen (14) days of the entry of this Order.  If the information is not stored electronically, Defendant shall provide it in written form.

If Defendant fails to provide the Employee Information within fourteen days of

the date this order is signed, the statute of limitations is equitably tolled for each day after the fourteenth day that Defendant fails to provide the Employee Information.

The Court authorizes that the Notice submitted by Plaintiffs in their Appendix (Exhibit BBB) may be immediately issued to those individuals whose names are being provided as required by this Order. The Consent to Join form submitted by Plaintiffs as Appendix (Exhibit CCC) to the Motion shall be enclosed with the Notice to Potential Plaintiffs, along with a self-addressed, postage paid return envelope. Plaintiffs are permitted to send subsequent mailings of this Notice at their expense. The Notice and Consent forms shall be mailed by first class mail or overnight delivery at Plaintiffs' attorneys' cost.

The Potential Plaintiffs shall be provided ninety (90) days after the date the Notice and Consent forms are mailed to file a Consent to Join form opting-in to this litigation, unless the Parties agree to permit late filings or good cause can be shown as to why the consent was not postmarked prior to the deadline. A Consent to Join that is postmarked on the deadline is considered timely. Plaintiffs shall provide the Court and opposing counsel with a notice indicating the date in which the Notice forms were mailed.

Within sixty (60) days after the close of the opt-in period, the Parties are directed to confer pursuant to Rule 16(b) to present the Court with a proposed Joint Scheduling Order and Case Management Plan setting forth proposed dates and covering the items

set forth in the Court's previous Order Requiring Scheduling Conference. The Case Management Plan should set forth the Parties' agreements concerning how discovery will proceed and how the case will proceed at trial. If the Parties cannot agree on elements of the Proposed Scheduling Order or Case Management Plan, they may present their views in the submission for Court determination. The Parties must file the Joint Scheduling Report and Case Management Plan within fourteen (14) days of the deadline for the Parties to confer.

Plaintiffs' counsels are authorized to maintain an internet website for the purpose of informing similarly situated persons of their right to opt into this litigation.

**SO ORDERED.**

Signed October 30th, 2008

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE